Cynthia L. Filla (SBN 184638)
Paul J. Cohen (SBN 293797)
**JACKSON LEWIS P.C.**
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone:   (213) 689-0404
Facsimile:    (213) 689-0430
E-mail:cynthia.filla@jacksonlewis.com
Paul.cohen@jacksonlewis.com

Attorneys for Defendants
Embassy Suites Management LLC and
Embassy Suites Employer LLC (both erroneously
sued as Embassy Suites by Hilton Anaheim Orange)
Hilton Honors Worldwide LLC (erroneously sued as
Hilton HHonors Worldwide, LLC)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MARIA GARCIA, an individual,<br><br>            Plaintiff,<br><br>      vs.<br><br>EMBASSY SUITES BY HILTON ANAHEIM ORANGE, a business entity, form unknown; HILTON HHONORS WORLDWIDE, LLC., a Delaware Limited Corporation, and DOES 1 through 25, inclusive,<br><br>            Defendants. | Case No.:  8:20-cv-02439<br><br>[Orange County Superior Court Case No. 30-2020-01165485-CU-OE-CJC]<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441(b)**<br><br>(Filed concurrently with Declarations of James Smith, Valérie Ritchie and Cynthia L. Filla; Notice of Related Cases; Notice of Interested Parties; and, Corporate Disclosure Statement)<br><br>Complaint Filed: October 15, 2020 |

TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION:

1.      PLEASE TAKE NOTICE that Defendants Embassy Suites Management

LLC and Embassy Suites Employer LLC (both erroneously sued as "Embassy Suites by

Hilton Anaheim Orange"), and Defendant Hilton Honors Worldwide LLC (erroneously

sued as "Hilton HHonors Worldwide, LLC") (all defendants are jointly referred to herein

1

1   as "Defendants") hereby invoke this Court's jurisdiction under the provisions of 28

2   U.S.C. §§ 1332 and 1441(b) and remove the above-entitled action to this Court from the

3   Superior Court of the State of California in and for the County of Orange.

### SERVICE AND PLEADINGS FILED IN STATE COURT

2.      On October 15, 2020, Plaintiff Maria Garcia ("Plaintiff") filed a civil complaint against Defendants in the Superior Court of the State of California in and for the County of Orange entitled "*Maria Garcia, an individual vs. Embassy Suites By Hilton Anaheim Orange, a business entity, form unknown; Hilton HHonors Worldwide, LLC, a Delaware Limited Corporation, and DOES 1 through 25, inclusive, Defendants*," Case No. 30-2020-01165485-CU-OE-CJC which sets forth the following six causes of action: (1) Failure to Pay Overtime and Double Time Compensation; (2) Failure to Provide Meal Periods; (3) Failure to Provide Rest Periods; (4) Failure to Provide Accurate Itemized Wage Statements; (5) Waiting Time Penalties; and (6) Unfair Competition and Unlawful Business Practices; ("Complaint").   A true and correct copy of the filed Summons, Complaint, Civil Case Cover Sheet and Superior Court ADR Information Package is attached as **Exhibit A** to the Declaration of Cynthia L. Filla ("Filla Decl."), filed concurrently with this Notice of Removal. (Filla Decl., ¶ 3). (All references to Exhibits made in this Notice of Removal shall refer to Exhibits to the Declaration of Cynthia L. Filla).

3.      Plaintiff served Defendant Hilton Honors Worldwide LLC with the Summons and Complaint on December 3, 2020 along with the filed Civil Case Cover Sheet and ADR Information Package. A true and correct copy of the filed Proof of Service of Summons is attached as **Exhibit B**. (Filla Decl., ¶ 4).

4.      On December 2, 2020 and December 22, 2020 the Superior Court filed Notices of Hearing regarding a Case Management Conference scheduled for April 26, 2021.  True and correct copies of the filed December 2, 2020 Notice of Hearing and the December 22, 2020 Notice of Hearing are attached as **Exhibit C**. (Filla Decl., ¶ 5).

2

Case No.: 8:20-cv-02439

DEFENDANTS' NOTICE OF
REMOVAL OF ACTION TO
FEDERAL COURT PURSUANT
TO 28 U.S.C. §§ 1332, 1441(b)

5.      On October 16, 2020 the Superior Court filed a Payment Receipt.  A true and correct copy of a Payment Receipt filed on October 16, 2020 is attached as **Exhibit D**. (Filla Decl., ¶ 6).

6.      On November 19, 2020 the Superior Court filed a Notice of Rejection of Electronic Filing. A true and correct copy of the Notice of Rejection of Electronic Filing filed on November 19, 2020 is attached as **Exhibit E.** (Filla Decl., ¶ 7).

7.      On November 19, 2020 Plaintiff filed an Amendment to Complaint correcting the name of Defendant Hilton Honors Worldwide LLC.  A true and correct copy of the filed Amendment to Complaint is attached hereto as **Exhibit F**. (Filla Decl., ¶ 8).

8.      On December 29, 2020, Defendants Answered the Complaint.  A true and correct copy of the filed Answer is attached as **Exhibit G**.  (Filla Decl., ¶ 9).

9.      Exhibits A-G constitute all of the pleadings that have been filed in this action as of the date of the filing this Notice of Removal, and no further proceedings have occurred in the state court.

## NOTICE TO ALL PARTIES AND STATE COURT

10.      In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of the County of Orange Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

## VENUE IS PROPER

11.      Venue of this action lies in the United States District Court for the Central District of California, Southern Division, pursuant to 28 U.S.C. §§ 1441, et seq. and 1391(a)-(d) because the state action was filed in this district, this is the judicial district of this Court in which the action arose, and Defendants are subject to personal jurisdiction in the Central District of California, Southern Division.

Case No.: 8:20-cv-02439

DEFENDANTS' NOTICE OF
REMOVAL OF ACTION TO
FEDERAL COURT PURSUANT
TO 28 U.S.C. §§ 1332, 1441(b)

**DIVERSITY JURISDICTION**

12.     Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *Grupo Dataflux v. Atlas Global Group, LP,* 541 U.S. 567, 571 (2004). Defendants properly may remove the Complaint on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a) and (c) as set forth below:

**Plaintiff's Citizenship**

13.     Plaintiff was, at the time action was commenced, and still is, a resident and citizen of the United States and a domicile of the State of California within the meaning of 28 U.S.C. § 1332(a) based on the allegations in Plaintiff's Complaint, and based upon Defendants' review of Plaintiff's personnel file, public records address search, and Plaintiff's September 2020 testimony under oath  *See,* Filla Decl., Exhibit A, Complaint, ¶ 5;  Filla Decl., ¶ 11.

**Defendants' Citizenship**

14.     A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c). With respect to ascertaining a corporation's principal place of business for purposes of diversity jurisdiction, the United States Supreme Court has adopted the "nerve center test." *Hertz v. Friend*, 130 S. Ct. 1181, 1186 (2010). Under the nerve center test, a corporation's principal place of business is where a corporation's high level officers direct, control, and coordinate the corporation's activities. *Id*. A corporation can only have one "nerve center." *Id*. at 93-94. In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall direction, control, and coordination of the company and will no longer weight corporate functions, assets, or revenues in each state. *Id*.

4

DEFENDANTS' NOTICE OF
REMOVAL OF ACTION TO
FEDERAL COURT PURSUANT
TO 28 U.S.C. §§ 1332, 1441(b)

15.     Defendant Hilton Honors Worldwide LLC is duly formed under the laws of the State of Delaware.  (Declaration of James Smith ("Smith Decl."), ¶ 4). At all relevant times, Defendant Hilton Honors Worldwide LLC's headquarters, and thus its
 principal place of business, has been in the State of Virginia. (Smith Decl., ¶ 4) Defendant Hilton Honors Worldwide LLC controls its operations from its McLean, Virginia, headquarters, located at 7930 Jones Branch Drive, McLean, Virginia, 22102. (Smith Decl., ¶ 4)  Its main office and management functions are concentrated at its headquarters in McLean, Virginia, and its officers direct, control, and coordinate its activities from this office. (Smith Decl., ¶ 4) Its members also meet at the headquarters in McLean, Virginia. (Smith Decl., ¶ 4).

16.     In addition, as a limited liability company, Defendant Hilton Honors Worldwide LLC's citizenship is further determined by its members. See *Johnson v. Columbia Properties Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant Hilton Honors Worldwide LLC's members are Hilton Domestic Operating Company Inc., a Delaware corporation with a principal place of business in Virginia, and HLT Franchise V Borrower LLC, duly formed under the laws of the State of Delaware with its principal place of business in Virginia. (Smith Decl., ¶ 11).

17.     At all relevant times, Hilton Domestic Operating Company Inc.'s headquarters, and thus its principal place of business, has been in the Commonwealth of Virginia. Hilton Domestic Operating Company Inc. controls its operations from its McLean, Virginia, headquarters, located at 7930 Jones Branch Drive, McLean, Virginia, 22102. (Smith Decl., ¶ 12).  Its main office and management functions are concentrated at its headquarters in McLean, Virginia, and its officers direct, control, and coordinate its activities from this office. (*Id.*)

Case No.: 8:20-cv-02439

DEFENDANTS' NOTICE OF
REMOVAL OF ACTION TO
FEDERAL COURT PURSUANT
TO 28 U.S.C. §§ 1332, 1441(b)

18.   At all relevant times HLT Franchise V Borrower LLC controls its operations from its McLean, Virginia headquarters, located at 7930 Jones Branch Drive, McLean, Virginia, 22102. (Smith Decl., ¶ 13). Its main office and management functions are concentrated at its headquarters in McLean, Virginia, and its officers direct, control, and coordinate its activities from this office. (*Id.*)

19.   HLT Franchise V Borrower LLC has a single member:  H Alliance Inc., which is a corporation under the laws of the State of Delaware with its principal place of business in the Commonwealth of Virginia.  (Smith Decl., ¶ 14).  At all relevant times H Alliance, Inc. controls its operations from its McLean, Virginia headquarters, located at 7930 Jones Branch Drive, McLean, Virginia, 22102. (*Id.*) Its main office and management functions are concentrated at its headquarters in McLean, Virginia, and its officers direct, control, and coordinate its activities from this office.  (*Id.*)

20.   Accordingly, Defendant Hilton Honors Worldwide LLC and its members and their members are citizens of the States of Delaware and State (Commonwealth) of Virginia, and are not citizens of the State of California.

21.   Defendant Embassy Suites Management LLC is duly formed under the laws of the State of Delaware. (Declaration of Valerie Ritchie ("Ritchie Decl."), ¶ 4).  At all relevant times, Defendant Embassy Suites Management LLC's headquarters, and thus its principal place of business, has been in the Commonwealth of Virginia. (*Id.*) Defendant Embassy Suites Management LLC controls its operations from its McLean, Virginia, headquarters, located at 7930 Jones Branch Drive, McLean, Virginia, 22102.  (*Id.*) Its main office and management functions are concentrated at its headquarters in McLean, Virginia, and its officers direct, control, and coordinate its activities from this office. Its members also meet at the headquarters in McLean, Virginia. (*Id.*)

22.   In addition, as a limited liability company, Defendant Embassy Suites Management LLC's citizenship is further determined by its members. Defendant Embassy Suites Management LLC's sole member is Hilton Domestic Operating

6

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441(b)

Company Inc., a Delaware corporation with a principal place of business in Virginia. (Ritchie Decl., ¶ 5 and Smith Decl., ¶ 12).

23.    Defendant Embassy Suites Employer LLC is duly formed under the laws of the State of Delaware. (Ritchie Decl., ¶ 6).  At all relevant times, Defendant Embassy Suites Employer LLC's headquarters, and thus its principal place of business, has been in the Commonwealth of Virginia. Defendant Embassy Suites Employer LLC controls its operations from its McLean, Virginia, headquarters, located at 7930 Jones Branch Drive, McLean, Virginia, 22102.  (*Id.*) Its main office and management functions are concentrated at its headquarters in McLean, Virginia, and its officers direct, control, and coordinate its activities from this office. Its members also meet at the headquarters in McLean. (*Id.*)

24.    Defendant Embassy Suites Employer LLC's sole member is Hilton Employer Inc., a Delaware corporation with a principal place of business in Virginia. (Ritchie Decl., ¶ 15).

25.    Accordingly, Defendant Embassy Suites Employer LLC is a citizen of the States (Commonwealth) of Virginia and Delaware, and is not a citizen of the State of California.

26.    Defendant is unaware of any other defendant having been named or served with the Complaint in this action.  The only other defendants named in Plaintiff's Complaint are merely fictitious parties identified as "DOES 1-25," whose citizenship must be disregarded for the purpose of removal. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"). Thus, there are no other defendants to join in the removal of this action to this Court and all named Defendants join in the removal of this action to Federal Court.

Case No.: 8:20-cv-02439

DEFENDANTS' NOTICE OF
REMOVAL OF ACTION TO
FEDERAL COURT PURSUANT
TO 28 U.S.C. §§ 1332, 1441(b)

## AMOUNT IN CONTROVERSY

27.    Without conceding or admitting that Plaintiff is entitled to or could recover any damages in any amount whatsoever, the amount in controversy in this action exceeds the sum of $75,000.00, exclusive of interest and costs.

28.    In her Complaint, Plaintiff has specified the dollar amount of damages being sought and the expressly stated total is in excess of $75,000.00, therefore exceeding the jurisdictional requirements of this Court:

(a)  On the First Cause of Action, Plaintiff seeks the following, not including costs and interest:

        i.     For compensatory damages, including lost wages, and other losses according to proof of no less than $200,000; and

        ii.    For reasonable attorneys' fees.  (*See*, Filla Decl., Exhibit A, Complaint,  ¶ XI, Prayer, p. 12, paras 1 and 3, lines 2-7).

(b)  On the Second and Third Causes of Action, Plaintiff seeks the following, not including costs and interest:

        i.     For unpaid premium payments of no less than $200,000.00. (*See*, Filla Decl., Exhibit A, Complaint,  ¶ XI, Prayer, p. 12, para 1, line 9).

(c)  On the Fourth Cause of Action, Plaintiff seeks the following, not including costs and interest:

        i.     For statutory penalties of no less than $4,000.00; and

        ii.    For reasonable attorneys' fees.   (*See*, Filla Decl., Exhibit A, Complaint,  ¶ XI, Prayer, p. 12, paras 1 and 2, lines 15-17).

29.    In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp. 993, 1001, citing, *Burns v. Windsor Ins. Co.* (11th Cir. 1994) 31 F.3d 1092, 1096 (the amount in controversy analysis presumes that "plaintiff prevails on liability").

Case No.: 8:20-cv-02439

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441(b)

30.     In determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. § 1332(a), a court may consider the aggregate value of claims for compensatory damages and attorney's fees. See e.g., *Goldberg v. CPC Int'l, Inc.* 678 F.2d 1365, 1367 (9th Cir.), cert. denied, 459 U.S. 945 (1982) (attorney's fees may be taken into account to determine jurisdictional amount); *Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-1156; *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fees can be considered in determining whether the jurisdictional amount is met.")  The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases.  See, e.g., *Simmons v. PCR Technology* (N.D. Cal. 2002) 209 F.Supp.2d 1029, 1035.  If Plaintiff were to prevail on any of his Labor Code claims in which attorneys' fees are recoverable, her attorneys' fees alone may exceed $75,000.

31.     Accordingly, Plaintiff's allegations (which expressly seek over $400,000 in compensatory damages, as well as attorneys' fees) satisfy the jurisdictional prerequisite for the amount in controversy. It cannot be claimed with legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount. *Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankenship*, 20 F.3d 383, 386-87 (10th Cir. 1994).

32.     Therefore, the alleged claims, damages, and fees requested in Plaintiff's Complaint demonstrate the amount in controversy in this case exceeds the requirements under 28 U.S.C. § 1332(a).

## TIMELINESS OF REMOVAL

33.     This Notice of Removal has been filed within thirty (30) days after Defendant Hilton Honors Worldwide Inc. (the only Defendant served) first received a copy of Plaintiff's Summons and Complaint upon which this action is based.  This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. § 1446(b).

9

Case No.: 8:20-cv-02439

DEFENDANTS' NOTICE OF
REMOVAL OF ACTION TO
FEDERAL COURT PURSUANT
TO 28 U.S.C. §§ 1332, 1441(b)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WHEREFORE, Defendants remove the above-entitled action now pending in the Superior Court of the State of California for the County of Orange to this Court.

DATED:  December 30, 2020                    JACKSON LEWIS P.C.


By:    /s/ Cynthia L. Filla
       Cynthia L. Filla
       Paul J. Cohen
       Attorney for Defendants
       Embassy Suites Management LLC and
       Embassy Suites Employer LLC (both erroneously
       sued as Embassy Suites by Hilton Anaheim
       Orange) Hilton Honors Worldwide LLC
       (erroneously sued as Hilton HHonors Worldwide,
       LLC)

Case No.: 8:20-cv-02439

DEFENDANTS' NOTICE OF
REMOVAL OF ACTION TO
FEDERAL COURT PURSUANT
TO 28 U.S.C. §§ 1332, 1441(b)