# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 10/15/2020 11:14:12 AM.
30-2020-01165485-CU-OE-CJC - ROA #'4 - DAVID H. YAMASAKI, Clerk of the Court By Omar Saldivar, Deputy Clerk.

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
EMBASSY SUITES BY HILTON ANAHEIM ORANGE, a business entity, form unknown;
HILTON HHONORS WORLDWIDE, LLC., a Delaware Limited Corporation,
and DOES 1 through 25, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARIA GARCIA, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte lo podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Central Justice Center<br><br>700 W. Civic Center Drive, Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso)*  30-2020-01165485-CU-OE-CJC<br><br>Judge Gregory H. Lewis |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Blanco & Arias, APC; 21171 S. Western Ave., Suite 2812, Torrance, CA 90501; (310) 904-6210

| | | | |
|---|---|---|---|
| DATE: 10/15/2020 DAVID H. YAMASAKI, Clerk of the Court<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | Omar Saldivar | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*:  **HILTON HHONORS WORLDWIDE, LLC.,**
   **a Delaware Limited Corporation**

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: 12-03-2020

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** |
| Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

Electronically Filed by Superior Court of California, County of Orange, 10/15/2020 11:14:12 AM.
30-2020-01165485-CU-OE-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Omar Saldivar, Deputy Clerk.

1   Janeth Arias, Esq (SBN: 267729)
    Angela Leong, Esq. (SBN: 300813)
2   **BLANCO & ARIAS, A PROFESSIONAL LAW CORPORATION**
    21171 S. Western Ave., Suite 2812
3   Torrance, CA 90501
    Tel: (310) 904-6210 | Fax: (310) 755-6591
4
    Attorneys for Plaintiff
5   MARIA GARCIA

6                                                   30-2020-01165485-CU-OE-CJC

7                                                   **Assigned for All Purposes**
                                                    Judge Gregory H. Lewis
8
              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
              COUNTY OF ORANGE – CENTRAL JUSTICE CENTER
10

11  MARIA GARCIA, an individual,              | **UNLIMITED JURISDICTION**
12                                            |
              Plaintiff,                      | **COMPLAINT FOR:**
13                                            |
        vs.                                   |
14                                            |
    EMBASSY SUITES BY HILTON ANAHEIM          | 1. **Failure To Pay Overtime and Double
15  ORANGE**, a business entity, form unknown; |    Time Compensation [CAL. LAB. CODE
    HILTON HHONORS WORLDWIDE, LLC., a         |    §§ 510, 1194, 11988 and 8 CAL. CODE
16  Delaware Limited Corporation, and DOES 1   |    REGS. § 11050]**
    through 25, inclusive,                    |
17                                            | 2. **Failure To Provide Meal Periods [CAL.
              Defendants.                     |    LAB CODE §§ 226.7, 512, 8 CAL. CODE
18                                            |    REGS. § 11050(11)]**
19                                            | 3. **Failure To Provide Rest Periods [CAL.
                                              |    LAB CODE §§ 226.7, 512, 8 CAL. CODE
20                                            |    REGS. § 11050(12)]**
21                                            | 4. **Failure To Provide Accurate Itemized
                                              |    Wage Statements [CAL. LAB. CODE §
22                                            |    226]**
23                                            | 5. **Waiting Time Penalties [CAL. LAB.
                                              |    CODE § 203];**
24                                            |
25                                            | 6. **Unfair Competition and Unlawful
                                              |    Business Practices [CAL. BUS. & PROF.
26                                            |    CODE § 17200, et. seq.]**
27                                            | **DEMAND FOR JURY TRIAL**
28

**COMPLAINT**

COMES NOW, Plaintiff MARIA GRACIA ("Plaintiff"), and submits this unverified Complaint ("Complaint") as follows:

## I.

## INTRODUCTION

1.  Plaintiff brings this action on behalf of herself for (1) Failure To Pay Overtime and Double Time Compensation; (2) Failure To Provide Meal Periods; (3) Failure To Provide Rest Periods; (4) Failure To Provide Accurate Itemized Wage Statements; (5) Waiting time penalties; and (6) Unfair Competition and Unlawful Business Practices.

2.  All allegations in this Complaint are based upon information and belief except for those allegations that pertain to Plaintiff named herein and her counsel.  Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## II.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this action pursuant to CAL. CODE CIV. PROC. § 410.10.

4.  Venue is proper in this Court pursuant to CAL. CODE CIV. PROC. §§ 395 and 395.5 because the facts and circumstances giving rise to this action as alleged herein occurred in the County of Orange.

## III.

## THE PARTIES

A.  **The Plaintiff**

5.  Plaintiff is, and at all times mentioned herein was, an individual:

    a.  Residing in the County of Los Angeles, California;

    b.  Who worked for Defendants as a non-exempt employee;

    c.  Who worked in excess of 8 hours in a workday and more than forty hours in a workweek, but did not receive all of the overtime compensation to which she was entitled;

- 1 -

COMPLAINT

d.   Who did not receive uninterrupted rest periods;

e.   Who did not receive uninterrupted meal periods;

f.   Who did not receive accurate itemized wage statements; and

g.   Who did not receive all wages upon termination;

**B.   The Defendants**

6.   Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant EMBASSY SUITES BY HILTON ANAHEIM ORANGE ("Embassy Suites") is, and at all times herein mentioned was:

a.   A business entity, form unknown, conducting business in the County of Orange, State of California;

b.   The employer of Plaintiff, which:

    i.   Failed to pay Plaintiff overtime compensation and Double Time Compensation for hours worked in excess of 8 hours in a workday and/or over forty hours in a workweek;

    ii.   Failed to provide Plaintiff with meal periods completely free from duties;

    iii.   Failed to provide Plaintiff with rest periods completely free from duties; and

    iv.   Failed to provide Plaintiff with accurate itemized wage statements.

7.   Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant HILTON HHONER WORLDWIDE, LLC. is, and at all times herein mentioned was:

a.   A Delaware limited liability company conducting business in the County of Los Orange, State of California;

b.   The employer of Plaintiff, which:

    i.   Failed to pay Plaintiff overtime compensation and Double Time Compensation for hours worked in excess of 8 hours in a workday and/or over forty hours in a workweek;

    ii.   Failed to provide Plaintiff with meal periods completely free from duties;

    iii.   Failed to provide Plaintiff with rest periods completely free from duties; and

BLANCO & ARIAS
A PROFESSIONAL LAW CORPORATION

- 2 -

COMPLAINT

iv.   Failed to provide Plaintiff with accurate itemized wage statements.

8.    The true names and capacities, whether individual, corporate, partnership, associate or otherwise of defendant Does 1 through 25, inclusive, are unknown to the Plaintiff who therefore sues the defendant by such fictitious names pursuant to CAL. CODE CIV. PROC. § 474. Plaintiff will seek leave to amend this Complaint to allege that the defendant named in this Complaint, including Does 1 through 25, inclusive, is responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

9.    Defendants are an "employer" as defined by the Industrial Welfare Commission because it direct or indirectly employed or exercised control of Plaintiff's wages, hours, and/or working conditions. *See Martinez v. Combs* (2010) 49 Cal.4th 35, 59-64.

## IV.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10.   Within four years preceding the initiation of this action, Plaintiff was employed by Defendants as a housekeeper since about 2001.

11.   Plaintiff's majority job duties included cleaning hotel rooms and folding bedsheets.

12.   Plaintiff is informed and believes and thereupon alleges that Defendants required Plaintiff to work shifts exceeding eight (8) hours a day and/or forty (40) hours a week. Defendants required Plaintiff to clock out after eight hours but instructed Plaintiff to continue working beyond eight hours. Defendants, however, failed to compensate Plaintiff overtime and/or double compensation for all time worked in excess of eight (8) hours in a workday and/or forty (40) hours in any given workweek.

13.   Plaintiff is informed and believes and thereupon allege that it was Defendants' policy to prohibit Plaintiff from having uninterrupted meal and rest periods, and as a result, Plaintiff was deprived of interrupted meal and rest periods.  Defendants required Plaintiff to work over the break time even though Plaintiff clocked out for lunch. For each occurrence of these rest and meal period violations, Defendants failed to pay Plaintiff an hour premium payment at his regular rate of pay.

///

- 3 -

BLANCO & ARIAS
A PROFESSIONAL LAW CORPORATION

14.     Due to Defendants' failure to properly pay Plaintiff overtime compensation, double time compensation, and meal and rest break premiums, as a derivative result Plaintiff was not provided with accurate itemized wage statements, nor was he paid all wages due upon termination of her employment.

15.     On September 8, 2020, Plaintiff, via certified mail, sent a written request to Embassy Suites demanding that it furnished Plaintiff's employment records within 21 days.  Embassy Suites have failed to comply.

## V.

## FIRST CAUSE OF ACTION

### For Failure To Pay Overtime and Double Time Compensation

### [CAL. LAB. CODE §§ 510, 1194, 1198 and 8 CAL. CODE REGS. § 11050]

### (By Plaintiff and Against All Defendants)

16.     Plaintiff re-alleges and incorporates herein each and every allegation contained in each of the preceding paragraphs in this Complaint as fully set forth herein by reference.

17.     CAL. LAB. CODE §§510, 1194 and 1198 and Industrial Wage Order No. 5, which is codified under 8 CAL. CODE REGS. § 11050(3)(A)(1)(a), as amended, provide that employees in California shall not be employed more than eight (8) hours in any workday or more than forty (40) hours in any workweek, unless they receive additional compensation beyond their regular wages in amounts specified by law.  In addition, an employer must pay double the employee's regular rate of pay for all hours worked in excess of twelfth (12) hours in any workday, and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.  8 CAL. CODE REGS. § 11050(3)(A)(1)(b).

18.     CAL. LAB. CODE §1194 provides that an employee who has not been paid overtime compensation as required by section 1198 may recover the unpaid balance of the full amount of such overtime compensation, together with costs of suit, penalties, interest thereon, and attorney's fees in a civil action.

///

///

- 4 -

COMPLAINT

19.     At all times relevant hereto, Plaintiff has worked more than eight hours in a workday, and/or more than forty (40) hours in a workweek as a non-exempt employee of Defendants, without receiving overtime or double time compensation.

20.     At all times relevant hereto, Defendants failed to pay Plaintiff overtime and double time compensation for the hours he worked in excess of the maximum hours permissible by law as required by 8 CAL. CODE REGS. §11050 and CAL. LAB. CODE §§510, 1194 and 1198.

21.     At no time relevant hereto was Plaintiff exempt from any wage and hour provision under California law, including without limitation, any statute, rule, or regulation governing the payment of overtime compensation.

22.     By virtue of Defendants' unlawful failure to pay additional compensation to the Plaintiff for her overtime hours, Plaintiff has suffered, and will continue to suffer, damages in amounts which are presently unknown but which exceed the jurisdictional limits of this Court, and which will be ascertained according to proof at trial.

23.     Plaintiff is also entitled to seek and recover interest, penalties, and reasonable attorneys' fees and costs pursuant to CAL. LAB. CODE §§ 218.5 and 1194.

## VI.

### SECOND CAUSE OF ACTION

#### For Failure To Provide Meal Periods

*[CAL. LAB. CODE §§ 226.7, 512 and 8 CAL. CODE REGS. § 11050(11)]*

#### (By Plaintiff and Against All Defendants)

24.     Plaintiff re-alleges and incorporates herein each and every allegation contained in each of the preceding paragraphs in this Complaint as fully set forth herein by reference.

25.     *CAL. LAB. CODE § 226.7* provides as follows:

(a) No employer shall require any employee to work during any meal… period mandated by an applicable order of the Industrial Welfare Commission.

*** 

(b) If an employer fails to provide an employee a meal period… in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

- 5 -

BLANCO & ARIAS
A PROFESSIONAL LAW CORPORATION

26.     In addition, *CAL. LAB. CODE § 512* provides that no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes.

27.     Industrial Wage Order No. 5, which is codified under 8 *CAL. CODE REGS. §* 11050, *et. seq.*, also requires that for every work-shift longer than 5 hours, an employer is to provide its employees an uninterrupted meal break of no less than 30 minutes. 8 *CAL. CODE REGS. §* 11050(11)(A). In addition, for every work-shift longer than 10 hours, an employer is required to provide employees a second uninterrupted meal break of no less than 30 minutes. 8 *CAL. CODE REGS. §* 11050(11)(B). Wage Order No. 5 also states that an employer must relieve the employee of *all* work-related duties during meal breaks; otherwise, the employee will be considered to be "on duty," which constitutes compensable time. 8 *CAL. CODE REGS. §* 11050(11)(A).

28.     At all times relevant hereto, Plaintiff regularly worked above five-hour increments in various workdays; however, at all times relevant hereto, Defendants, including DOES 1 through 25, failed to provide uninterrupted meal periods to Plaintiff as required by *CAL. LAB. CODE §§* 226.7, 512 and 8 *CAL. CODE REGS. §* 11050(11).

29.     By virtue of requiring Plaintiff to work through meal periods free from work duties, Defendants have intentionally and improperly denied statutorily mandated meal periods to Plaintiff in violation of *CAL. LAB. CODE §§* 226.7, 512 and 8 *CAL. CODE REGS. §* 11050(11). Plaintiff has suffered, and will continue to suffer, damages in amounts which are presently unknown but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

## VII.

## THIRD CAUSE OF ACTION

### For Failure To Provide Rest Periods

[CAL. LAB. CODE § 226.7; 8 CAL. CODE REGS. § 11050(12)]

### (By Plaintiff and Against All Defendants)

30.     Plaintiff re-alleges and incorporates herein each and every allegation contained in each of the preceding paragraphs in this Complaint as fully set forth herein by reference.

BLANCO & ARIAS
A PROFESSIONAL LAW CORPORATION

31.     CAL. LAB. CODE § 226.7 provides as follows:

(a) No employer shall require any employee to work during any...rest period mandated by an applicable order of the Industrial Welfare Commission.

\*\*\*

(b) If an employer fails to provide an employee a... rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

32.     Industrial Wage Order No.5, which is codified under 8 CAL. CODE REGS. § 11050, *et. seq.*, requires employers to provide rest breaks that shall be counted as hours worked for which there shall be no deduction of wages. 8 CAL. CODE REGS. § 11050(12)(A).

33.     Subdivision (12)(A) of 8 CAL. CODE REGS. §11050 also requires that an employer provide its employees with a 10-minute rest break for every four-hour increment of time worked. "Employees are entitled to 10 minute rests for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." *Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal. 4th 1004, 1029.

34.     CAL. LAB. CODE §226.7 and 8 CAL. CODE REGS. §11050 (12)(B), further require that for every workday in which it fails to provide a rest period during any four-hour increment, the employer must reimburse the employee at a rate of an hour's pay at the employee's regular rate of pay.

35.     Plaintiff regularly worked four-hour increments and were not provided the statutorily mandated rest breaks during their shifts. Plaintiff was unable to avail himself to such breaks for various reasons, including but not limited to, the pressures from his workloads and from management.

36.     By virtue of Defendants' unlawful failure to authorize, permit, and provide rest periods as required by law, Plaintiff has suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

///

- 7 -

BLANCO & ARIAS
A PROFESSIONAL LAW CORPORATION

**VIII.**

**FOURTH CAUSE OF ACTION**

**For Failure To Provide Accurate Itemized Statements**

**(CAL. LAB. CODE § 226)**

**(By Plaintiff and Against All Defendants)**

37.     Plaintiff re-alleges and incorporates herein each and every allegation contained in each of the preceding paragraphs in this Complaint as fully set forth herein by reference.

38.     CAL. LAB. CODE § 226 provides that an employer shall provide its employees with accurate wage statements including the wages earned and the hours worked:

> (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee..., and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee....

39.     At all times relevant herein, Defendants violated CAL. LAB. CODE § 226 in that Defendants failed to properly and accurately itemize the number of hours worked by Plaintiff at the effective regular rates of pay and the effective overtime rates of pay.

40.     By failing to pay Plaintiff the state mandated minimum wage, overtime compensation, and double time compensation, Defendants have violated the requirement that the total hours worked and all wages earned be included in the wage statements that must be provided to Plaintiff.

///

41.     Defendants willfully, knowingly, and intentionally failed to comply with CAL. LAB. CODE § 226 by failing to pay minimum wage and overtime compensation for hours worked in excess of forty, and by failing to provide meal breaks or paying the appropriate extra wages for missed meal breaks, as required by law, thereby causing damages to Plaintiff by failing to include all wages earned in her wage statements. These damages, including but not limited to costs expended calculating the true hours worked and the amount of employment taxes that were not properly paid to state and federal tax authorities, are difficult to estimate. Therefore, Plaintiff elects

- 8 -

**COMPLAINT**

BLANCO & ARIAS
A PROFESSIONAL LAW CORPORATION

1   to recover penalties pursuant to CAL. LAB. CODE § 226 in an amount according to proof at the time

2   of trial, and reasonable attorney's fees and costs pursuant to CAL. LAB. CODE § 226(g).

3   IX.

4   **FIFTH CAUSE OF ACTION**

5   **Waiting Time Penalties**

6   **[CAL. LAB CODE §§ 201, 202, and 203]**

7   **(By Plaintiff and Against All Defendants, Except Doe 1))**

8   42.      Plaintiff re-alleges and incorporates herein each and every allegation contained in

9   each of the preceding paragraphs in this Complaint as fully set forth herein by reference.

10   43.      Sections 201 and 202 of the California Labor Code require employers to pay their

11   employees all wages due immediately upon discharge, or within seventy-two hours of resigning

12   without notice.

13   44.      Section 203 of the California Labor Code provides that when an employer willfully

14   fails to make a timely payment of final wages pursuant to sections 201 and 202 of the California

15   Labor Code, the employer must, as a penalty, continue to pay the employee's wages at an

16   employee's daily rate, up to thirty days.

17   45.      Defendant, including DOES 1 through 25, willfully, knowingly, and intentionally

18   failed to fully compensate all wages due to Plaintiff, including unpaid overtime, double time, and

19   meal and rest break premiums, as further alleged in this Complaint.

20   46.      Since Plaintiff has yet to be fully compensated for all works worked, Plaintiff is

21   entitled to waiting time penalties in the amount of his daily rate of pay up to thirty days pursuant to

22   section 203 of the California Labor Code, in an amount according to proof, and costs pursuant to

23   CAL. CODE CIV. PROC. § 1032.

24   ///

25   ///

26   ///

27   ///

28   ///

-9-

**COMPLAINT**

BLANCO & ARIAS
A PROFESSIONAL LAW CORPORATION

**X.**

**SIXTH CAUSE OF ACTION**

**For Unlawful Business Practices**

**[CAL. BUS & PROF CODE § 17200 et. seq.]**

**(By Plaintiff and Against All Defendants)**

47.     Plaintiff re-alleges and incorporates herein each and every allegation contained in each of the preceding paragraphs in this Complaint as fully set forth herein by reference.

48.     Defendants are each considered a "person" as that term is defined under CAL. BUS. & PROF. CODE § 17021.

49.     CAL. BUS. & PROF. CODE § 17200 defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.

50.     Plaintiff has suffered an injury-in-fact as a result of Defendants' conduct in violation of the Unfair Competition Law (CAL. BUS. & PROF. CODE § 17200 et Seq.). Specifically, Plaintiff have lost money and/or property as a result of Defendants' wrongful conduct. Plaintiff's injuries were directly related to Defendants' wrongful conduct.

51.     At all times relevant hereto, by and through the conduct described herein, Defendants have engaged in unfair, fraudulent and unlawful practices, in violation of CAL. BUS. & PROF. CODE §§ 17200 et seq., and has thereby deprived Plaintiffs of fundamental rights and privileges guaranteed to all employees under the California Labor Code.

52.     By and through the unfair, fraudulent and unlawful business practices described herein, Defendants have obtained valuable property, money, and services from Plaintiff and has deprived Plaintiff of valuable rights and benefits guaranteed by the law, all to Plaintiff's detriment.

53.     All of the acts described herein as violations of, among other things, the California Labor Code and applicable IWC Wage Orders, are unlawful and in violation of public policy, and are immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair and unlawful business practices in violation of CAL. BUS. & PROF. CODE §§ 17200 et. seq.

54.     Furthermore, Plaintiff is informed and believes and thereupon alleges that Defendants have underreported to federal and state authorities the wages earned by Plaintiff and,

- 10 -

**COMPLAINT**

BLANCO & ARIAS
A PROFESSIONAL LAW CORPORATION

BLANCO & ARIAS
A PROFESSIONAL LAW CORPORATION

1   therefore, has underpaid state and federal taxes, employer matching funds, unemployment

2   premiums, Social Security, Medicare and Workers' Compensation premiums. This conduct is

3   criminal in nature and subjects Defendants to sanctions, fines, and imprisonment, and is actionable

4   under CAL. BUS. & PROF. CODE §§ 1700, *et seq*. and 17200 *et. seq*.

5       55.    Plaintiff is informed and believes, and based upon that information and belief

6   alleges, that by requiring Plaintiff to work below the mandated minimum wage, work overtime

7   without receiving overtime compensation, and failing to provide meal and rest periods, Defendants

8   have engaged in business within the state of California to offer its services at a lower price for the

9   purpose of injuring competitors and/or destroying competition in violation of CAL. BUS. & PROF.

10  CODE § 17043.

11      56.    Pursuant to CAL. BUS. & PROF. CODE §§ 17071 and 17075, Defendants' failure to

12  pay overtime compensation, related benefits, and employment taxes, is admissible as evidence of

13  Defendants' intent to violate Chapter 4 of the Unfair Business Trade Act.

14      57.    Defendants' practices are unlawful, unfair, deceptive, untrue, and misleading.

15      58.    Plaintiff is entitled to seek, and does seek, such relief as may be necessary to restore

16  the money and property that Defendants have acquired, or of which Plaintiff have been deprived of,

17  by means of the above-described unfair and unlawful business practices.

18      59.    Plaintiff has no plain, speedy, and/or adequate remedy at law to redress the injuries

19  that they have suffered as a consequence of Defendants' unfair and unlawful business practices.  As

20  such, Defendants should be required to disgorge the unpaid moneys owed to Plaintiff.

21      60.    Because Plaintiff seeks to enforce an important right affecting the public interest, *to*

22  *wit*, the lawful payment of minimum wage and overtime wages as required by law and the

23  termination of misleading statements and omissions regarding exempt status, the disgorgement of

24  ill-gotten gains, and the restitution of unlawfully withheld wages, with interest thereon, Plaintiff

25  requests an award of attorneys' fees, pursuant to CAL. CODE CIV. PROC. § 1021.5.

26                              **XI.**

27                            **PRAYER**

28      WHEREFORE, Plaintiff prays for judgment as follows:

**COMPLAINT**

**ON THE FIRST CAUSE OF ACTION:**

1.  For compensatory damages, including lost wages, and other losses according to proof, of no less than $200,000.00;

2.  For an award of interest, including prejudgment interest at the legal rate pursuant to CAL. LAB. CODE §§ 218.6, 1194, and CAL. CIV. CODE § 3289, *et. seq.*; and

3.  For reasonable attorneys' fees and costs of suit pursuant to CAL. LAB. CODE §§ 218.5, 1194, and CAL. CODE CIV. PROC. § 1032.

**ON THE SECOND AND THIRD CAUSES OF ACTION:**

1.  For unpaid premium payments according to proof, of no less than $200,000.00;

2.  For an award of interest, including prejudgment interest at the legal rate pursuant to CAL. LAB. CODE §§ 218.6, and CAL. CIV. CODE § 3289, *et. seq.*; and

3.  For reasonable costs of suit pursuant to CAL. LAB. CODE § 1194 CAL. CODE CIV. PROC. § 1032.

**ON THE FOURTH CAUSE OF ACTION:**

1.  For statutory penalties, of no less than $4,000.00; and

2.  For reasonable attorneys' fees and costs of suit pursuant to CAL. LAB. CODE § 226(g), and CAL. CODE CIV. PROC. § 1032.

**ON THE FIFTH CAUSE OF ACTION:**

1.  For statutory penalties; and

2.  For costs of suit pursuant to *CAL. CODE CIV. PROC. § 1032.*

**ON THE SIXTH CAUSE OF ACTION:**

1.  That Defendants be ordered and enjoined to pay restitution and penalties to Plaintiff due to Defendants' unlawful and/or unfair activities, pursuant to Business and Professions Code §§ 17200-05;

2.  That Defendants further be enjoined to cease and desist from unlawful and/or unfair activities in violation of Business and Professions Code § 17200, *et. seq.*;

3.  For costs of suit pursuant to CAL. CODE CIV. PROC. § 1032; and

4.  For attorneys' fees pursuant to CAL. CODE CIV. PROC. § 1021.5.

- 12 -

**COMPLAINT**

BLANCO & ARIAS
A PROFESSIONAL LAW CORPORATION

**ON ALL CAUSES OF ACTION:**

1. For other and further relief as the Court deems just and proper.

**XII.**

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all triable claims.

Dated: October 15, 2020

BLANCO & ARIAS, APC

By: _____

ANGELA LEONG
JANETH ARIAS

Attorneys for Plaintiff
MARIA GARCIA

- 13 -

COMPLAINT

Electronically Filed by Superior Court of California, County of Orange, 10/15/2020 11:14:12 AM.
30-2020-01165485-CU-OE-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Omar Saldivar, Deputy Clerk. CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Janeth Arias, Esq. (SBN: 267729) Angela Leong, Esq. (SBN: 300813)<br>BLANCO & ARIAS, APC<br>21171 S. Western Ave., Suite 2812<br>Torrance, California 90501<br>TELEPHONE NO.: (310) 904-6210    FAX NO.: (310) 755-6591<br>ATTORNEY FOR *(Name):* Maria Garcia | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS: 700 W Civic Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Garcia v. EMBASSY SUITES BY HILTON ANAHEIM ORANGE et al.

| CIVIL CASE COVER SHEET<br>[✓] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>30-2020-01165485-CU-OE-CJC |
|---|---|---|
| | | JUDGE: Judge Gregory H. Lewis |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition *re:* arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 6
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case.

Date: October 15, 2020
Angela Leong
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
   or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment *(non-
   domestic relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
   Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ORANGE**

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**INFORMATION PACKAGE**

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

L1200 (Rev. March 2019)

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

### BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

### DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have   sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

**TYPES OF ADR IN CIVIL CASES.**

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

 **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

 **Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

 **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

 **Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY:      STATE BAR NO.:<br>NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:                          STATE:          ZIP CODE:<br>TELEPHONE NO.:                 FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(name)*: | *FOR COURT USE ONLY*<br><br>**For your protection and privacy, please press the Clear This Form button after you are done printing this form.** |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-4593

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
      ☐ Under section 1141.11 of the Code of Civil Procedure
      ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date: _____   _____   _____
                  (SIGNATURE OF PLAINTIFF OR ATTORNEY)   (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____   _____   _____
                  (SIGNATURE OF DEFENDANT OR ATTORNEY)   (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

California Rules of Court, rule 3.221

# EXHIBIT B

Case 8:20-cv-02439-CJC-DFM   Document 1-2   Filed 12/30/20   Page 25 of 46   Page ID #:38
Electronically Filed by Superior Court of California, County of Orange, 12/09/2020 05:29:00 PM.
30-2020-01165485-CU-OE-CJC - ROA # 12 - DAVID H. YAMASAKI, Clerk of the Court By e Clerk, Deputy Clerk.

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Janeth  Arias SBN 267729<br>**Blanco & Arias**<br>**21171 S. Western Ave, Ste. 2812**<br>**Torrance, CA 90501**<br>TELEPHONE NO.:  **(310) 904-6210**          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): **Janeth@gba-lawyers.com**<br>ATTORNEY FOR (Name):      **Plaintiff** | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE - CENTRAL<br>  STREET ADDRESS:  700 Civic Center Drive West<br>  MAILING ADDRESS:  700 Civic Center Drive West<br>  CITY AND ZIP CODE:  Santa Ana, CA 92701<br>  BRANCH NAME:  SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE - CENTRAL |
|---|

| PLAINTIFF/PETITIONER:  Maria Garcia<br>DEFENDANT/RESPONDENT:  EMBASSY SUITES BY HILTON ANAHEIM ORANGE | CASE NUMBER:<br>30-2020-01165485-CU-OE-CJC |
|---|---|

| PROOF OF SERVICE SUMMONS | Ref. No. or File No.:<br>Maria Garcia |
|---|---|

(Separate proof of service is required for each party served.)

1.    At the time of service I was at least 18 years of age and not a party to this action.

2.    I served copies of: *Complaint; Summons; Civil Case Cover Sheet; Alternative Dispute Resolution (ADR) Information Package;*

3.    a. Party served (specify name of party as shown on documents served): *HILTON HHONORS WORLDWIDE, LLC., a Delaware Limited Corporation*

      b.  [X]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):
         *CSC Lawyers Registered Agent by leaving with Trudy Desbiens*
         *Person Authorized to Accept*

4.    Address where the party was served: *2710 Gateway Oaks Dr Ste 150N,  Sacramento, CA 95833*

5.    I served the party (check proper box)
      a.  [X]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: **12/3/2020** (2) at: **03:16 PM**
      b.  [ ]  **by substituted service.** On:  at:  I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):

            (1)  [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
            (2)  [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
            (3)  [ ]  **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
            (4)  [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
                 on:         from:         or  [ ]  a declaration of mailing is attached.
            (5)  [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Maria Garcia | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: EMBASSY SUITES BY HILTON ANAHEIM ORANGE | 30-2020-01165485-CU-OE-CJC |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on:                           (2) from:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** (*specify means of service and authorizing code section*):

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of (*specify*):
  c. ☐ as occupant.
  d. ☒ On behalf of (*specify*): HILTON HHONORS WORLDWIDE, LLC., a Delaware Limited Corporation under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)        ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)            ☐ 415.46 (occupant)
                                        ☐ other:

7. **Person who served papers**
  a. Name: **Katrina Williams**
  b. Address: **1000 Corporate Center Drive Suite 110, Monterey Park, CA 91754**
  c. Telephone number: **213-628-6338**
  d. The fee for service was: **$90.00**
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ a registered California process server:
      (i) ☐ owner    ☐ employee    ☒ independent contractor.
      (ii) Registration No.: **2015-10**
      (iii) County: **Sacramento**

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**JANNEY & JANNEY**
LEGAL SUPPORT SERVICE

Katrina Williams         Date: **12/04/2020**

---

# EXHIBIT C

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:  700 W. Civic Center DRIVE<br>MAILING ADDRESS:  700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME:  Central Justice Center<br>PLANTIFF: Maria Garcia | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE |
| DEFENDANT: EMBASSY SUITES BY HILTON ANAHEIM ORANGE et.al. | **Dec 2, 2020** |
| Short Title: GARCIA VS. EMBASSY SUITES BY HILTON ANAHEIM ORANGE | Clerk of the Court<br>By: Michelle Nevarez, Deputy |

| **NOTICE OF HEARING** | CASE NUMBER:<br>30-2020-01165485-CU-OE-CJC |
|---|---|

Please take notice that a(n),<u>Case Management Conference</u> has been scheduled for hearing on <u>04/26/2021</u> at  <u>08:30:00 AM</u> in Department <u>C26</u> of this court, located at <u>Central Justice Center</u>.

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.

Civil Matters - http://www.occourts.org/media-relations/civil.html

Probate/Mental Health - http://www.occourts.org/media-relations/probate-mental-health.html


**IMPORTANTE:** Antes de la fecha de su audiencia, consulte el sitio web de la corte para obtener las instrucciones más recientes sobre cómo presentarse para su audiencia y acceder a los servicios disponibles para responder sus preguntas.

Casos civiles - http://www.occourts.org/media-relations/civil.html

Casos de Probate y Salud Mental - http://www.occourts.org/media-relations/probate-mental-health.html


**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của Tòa để biết những hướng dẫn mới nhất về cách trình diện tại phiên tòa và cách tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.

Vấn Đề Dân Sự - http://www.occourts.org/media-relations/civil.html

Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - http://www.occourts.org/media-relations/probate-mental-health.html


Clerk of the Court,  By: _____ , Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** GARCIA VS. EMBASSY SUITES BY HILTON ANAHEIM ORANGE

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**30-2020-01165485-CU-OE-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 12/02/2020. Following standard court practice the mailing will occur at Sacramento, California on 12/03/2020.

Clerk of the Court, by: _M. nevarez_ , Deputy

BLANCO & ARIAS, APC
21171 S WESTERN AVENUE # SUITE 2812
TORRANCE, CA 90501

Page: 2

V3 1013a (June 2004)

Code of Civil Procedure , § CCP1013(a)

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS:  700 W. Civic Center DRIVE<br>MAILING ADDRESS:  700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME:  Central Justice Center | FOR COURT USE ONLY<br><br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE |
|---|---|
| PLANTIFF: Maria Garcia | **Dec 22, 2020** |
| DEFENDANT: EMBASSY SUITES BY HILTON ANAHEIM ORANGE et.al. | Clerk of the Court<br>By: Michelle Nevarez, Deputy |
| Short Title: GARCIA VS. EMBASSY SUITES BY HILTON ANAHEIM ORANGE | |
| **NOTICE OF HEARING** | CASE NUMBER:<br>30-2020-01165485-CU-OE-CJC |

Please take notice that a(n), <u>Status Conference</u> has been scheduled for hearing on <u>04/26/2021</u> at <u>08:30:00 AM</u> in Department <u>C26</u> of this court, located at <u>Central Justice Center</u>.

<u>**IMPORTANT:**</u> Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.

Civil Matters - http://www.occourts.org/media-relations/civil.html

Probate/Mental Health - http://www.occourts.org/media-relations/probate-mental-health.html


<u>**IMPORTANTE:**</u> Antes de la fecha de su audiencia, consulte el sitio web de la corte para obtener las instrucciones más recientes sobre cómo presentarse para su audiencia y acceder a los servicios disponibles para responder sus preguntas.

Casos civiles - http://www.occourts.org/media-relations/civil.html

Casos de Probate y Salud Mental - http://www.occourts.org/media-relations/probate-mental-health.html


<u>**QUAN TRONG:**</u> Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của Tòa để biết những hướng dẫn mới nhất về cách trình diện tại phiên tòa và cách tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.

Vấn Đề Dân Sự - http://www.occourts.org/media-relations/civil.html

Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - http://www.occourts.org/media-relations/probate-mental-health.html


Clerk of the Court,  By: _____ , Deputy


**NOTICE OF HEARING**

Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** GARCIA VS. EMBASSY SUITES BY HILTON ANAHEIM ORANGE

| | |
|---|---|
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**30-2020-01165485-CU-OE-CJC** |

I certify that I am not a party to this cause. I certify that a true copy of the above <u>Notice of Hearing</u> has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at <u>Santa Ana</u>, <u>California</u>, on <u>12/22/2020</u>. Following standard court practice the mailing will occur at <u>Sacramento</u>, <u>California</u> on <u>12/23/2020</u>.

Clerk of the Court, by: _____ , Deputy

BLANCO & ARIAS, APC
21171 S WESTERN AVENUE # SUITE 2812
TORRANCE, CA 90501

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Code of Civil Procedure , § CCP1013(a)

# EXHIBIT D



# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE

**Superior Court of California, County of Orange**

700 W. Civic Center Drive
Santa Ana,  CA  92702

E-Filing Transaction #: 1777677

**PAYMENT RECEIPT**

Receipt #: 12622377

| Clerk ID: osaldivar | Transaction No: 12795360 | Transaction Date: 10/16/2020 | Transaction Time: 01:45:28PM |

| Case Number | Fee Type | Qty | Fee Amount$ | Balance Due | Amount Paid | Remaining Balance |
|---|---|---|---|---|---|---|
| 30-2020-01165485-CU-OE-CJC | 194 - Complaint or other 1st paper | 1 | $435.00 | $435.00 | $435.00 | $0.00 |
| | | | | Sales Tax: | $0.00 | |
| | | | | Total: | $435.00 | Total Rem. Bal: |

E-Filing :  - OneLegal

| | | |
|---|---|---|
| E-Filing: | $435.00 | |
| Total Amount Tendered: | $435.00 | |
| Change Due: | $0.00 | |
| Balance: | $0.00 | |

A $45 fee may be charged for each returned check, electronic funds transfer or credit card payment.

## COPY

# EXHIBIT E

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana, CA 92701<br>BRANCH NAME: Central Justice Center | FOR COURT USE ONLY |
|---|---|
| SHORT TITLE: Garcia vs. EMBASSY SUITES BY HILTON ANAHEIM ORANGE | |
| **NOTICE OF REJECTION OF ELECTRONIC FILING** | CASE NUMBER:<br>30-2020-01165485-CU-OE-CJC |

The electronic filing described by the summary data below was reviewed and rejected by the Superior Court of California, County of Orange

## E-Filing Summary Data

Electronically Submitted By: Maria Garcia
On Behalf of:
Transaction Number:          3956200
Court received Date:          11/18/2020
Court received Time:          02:44:47 PM
Amount not to Exceed:

## Documents Electronically Filed

Amendment to Complaint

This electronic filing was rejected based on the following reason(s):

**Reject Reason 1:**  Other
Clerk's comments to submitter:
Incorrect form. Please submit on pleading or on form L-0132.

## E-Filing Service Provider Information

Name:            OneLegal
Email:            support@onelegal.com
Contact Person:  Customer Support
Phone:            8009388815

# EXHIBIT F

Electronically Received by Superior Court of California, County of Orange, 11/19/2020 04:53:00 PM.
30-2020-01165485-CU-OE-CJC - ROA # 9 - DAVID H. YAMASAKI, Clerk of the Court By Richard Clark, Deputy Clerk.

*Withdrawn by TT Alex Arias 12-1-20*

| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO.: 267729 | FOR COURT USE ONLY |
|---|---|
| NAME: Janeth Arias<br>FIRM NAME: Blanco & Arias, APC<br>STREET ADDRESS: 21171 S. Western Ave. Suite 2812<br>CITY: Torrance      STATE: CA      ZIP CODE: 90501<br>TELEPHONE NO.: 310-904-0210    FAX NO.: 310-697-0193<br>E-MAIL ADDRESS: Janeth@blancoariaslaw.com<br>ATTORNEY FOR (name): Maria Garcia | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
JUSTICE CENTER:
☑ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701
☐ Harbor- Newport Beach Facility - 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North - 1275 N. Berkeley Ave., P. O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-4593

| PLAINTIFF: Maria Garcia | CASE NUMBER: |
|---|---|
| DEFENDANT: Embassy Suites By Hilton Anaheim Orange et al. | 30-2020-01165485-CU-OE-CJC |
| AMENDMENT TO ☒ COMPLAINT ☐ CROSS-COMPLAINT | Case assigned to:<br>Judge:<br>Department:<br>Date complaint filed:<br>Hearing/trial date: |

**FICTITIOUS NAME UNDER SECTION 474, CODE OF CIVIL PROCEDURE (NO ORDER REQUIRED)**

I have discovered the true name of ☐ Doe_____ ☐ Roe_____ to be _____
"                                                                                                    .

The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date: _____

_____                              _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY)

**INCORRECT NAME UNDER SECTION 473, CODE OF CIVIL PROCEDURE (ORDER REQUIRED)**

The complaint/cross-complaint incorrectly named the defendant/cross-defendant as Hilton Hhonors Worldwide, LLC
I have discovered the true name of the party to be Hilton Honors Worldwide, LLC
_____

I request the complaint/cross-complaint be amended to reflect the true name wherever it appears in the pleading.

Date: 11/19/2020

Janeth Arias                                              _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY)

**ORDER**
The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date: _____                              _____
                                                         JUDICIAL OFFICER

Approved for Optional Use
L-0132 (Rev. March 2019)          **AMENDMENT TO COMPLAINT/CROSS-COMPLAINT**          Code of Civil Procedure,
                                                                                      §§ 473, 474

For your protection and privacy please press the
CLEAR THIS FORM button after you have
printed the form

# EXHIBIT G

1  Cynthia L. Filla (SBN 184638)
    Paul J. Cohen (SBN 293797)
2  **JACKSON LEWIS P.C.**
    725 South Figueroa Street, Suite 2500
3  Los Angeles, California 90017-5408
    Telephone:    (213) 689-0404
4  Facsimile:    (213) 689-0430
    E-mail:    cynthia.filla@jacksonlewis.com
5  Email:    Paul.cohen@jacksonlewis.com

6  Attorneys for Defendants
    Embassy Suites Management LLC and
7  Embassy Suites Employer LLC (both erroneously
    sued as Embassy Suites by Hilton Anaheim Orange)
8  Hilton Honors Worldwide LLC (erroneously sued as
    Hilton HHonors Worldwide, LLC)

9

10            **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

11        **FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER**

12

13  MARIA GARCIA, an individual,        **CASE NO.:**  30-2020-01165485-CU-OE-CJC

14        Plaintiff,        [*Assigned for all purposes to the Honorable*
                    *Gregory H. Lewis, Dept. C26*]

15      vs.            **ANSWER OF HILTON HONORS**

16  EMBASSY SUITES BY HILTON ANAHEIM    **WORLDWIDE LLC, EMBASSY SUITES**
    ORANGE, a business entity, form unknown;    **MANAGEMENT LLC AND EMBASSY**
17  HILTON HHONORS WORLDWIDE, LLC., a    **SUITES EMPLOYER LLC TO PLAINTIFF**
    Delaware Limited Corporation, and DOES 1    **MARIA GARCIA'S COMPLAINT FOR**
18  through 25, inclusive,        **DAMAGES**

19        Defendants.        Complaint Filed:    October 15, 2020

20

21      Embassy Suites Management LLC and Embassy Suites Employer LLC (both erroneously sued as

22  "Embassy Suites by Hilton Anaheim Orange"), and Hilton Honors Worldwide LLC (erroneously sued as

23  "Hilton HHonors Worldwide, LLC") ("Defendants") on behalf of themselves and for no other defendant,

24  hereby respond to the Complaint for Damages ("Complaint") filed by Plaintiff Maria Garcia ("Plaintiff")

25  and admit, denies and otherwise pleads as follows:

26  / / /

27  / / /

28  / / /

**ANSWER OF HILTON HONORS WORLDWIDE LLC, EMBASSY SUITES MANAGEMENT LLC AND
EMBASSY SUITES EMPLOYER LLC TO PLAINTIFF MARIA GARCIA'S COMPLAINT FOR DAMAGES`**

## GENERAL DENIAL

Under the provisions of section 431.30(d) of the Code of Civil Procedure, Defendants generally and specifically deny each and every allegation contained in the unverified Complaint, and each cause of action alleged therein.  Defendants further deny that Plaintiff was injured or damaged as alleged, or at all, by reason of any wrongful act, breach, violation, or omission by Defendants.

## AFFIRMATIVE DEFENSES

Defendants have not completed their investigation of the facts of this case, discovery in this matter, or preparation for trial or arbitration.  The affirmative defenses asserted herein are based on Defendants' knowledge, information and belief at this time.  Without conceding that Defendants bear the burden of proof or persuasion as to any one of these, as separate and distinct affirmative defenses to Plaintiff's Complaint and the causes of action alleged therein, and to each of them, Defendants allege the following defenses to the Complaint.

## FIRST AFFIRMATIVE DEFENSE

1.      The Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2.      Defendants allege that the action is barred because Plaintiff agreed, in writing, to arbitrate any dispute, claim or controversy arising out of her employment with Defendants, including the claims asserted in the action.  Plaintiff has failed to comply with this agreement to arbitrate, and the agreement precludes this litigation.

## THIRD AFFIRMATIVE DEFENSE

3.      The Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statute of limitations including, but not limited to, California Code of Civil Procedure sections 335.1, 337, 338(a), 340(a), 340(b), 343, Labor Code section 203; and California Business and Professions Code section 17208.

## FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to timely exhaust administrative remedies under California Labor Code sections 98-98.2.

2

**ANSWER OF HILTON HONORS WORLDWIDE LLC, EMBASSY SUITES MANAGEMENT LLC AND EMBASSY SUITES EMPLOYER LLC TO PLAINTIFF MARIA GARCIA'S COMPLAINT FOR DAMAGES`**

**FIFTH AFFIRMATIVE DEFENSE**

5.     Plaintiff's Complaint, and each purported cause of action therein, is barred by the doctrines of laches, consent, waiver, estoppel, and/or unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

6.     Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part because Plaintiff had received all wages, income, compensation, and pay to which she has ever been entitled and is therefore not entitled to any wages or other compensation or penalties under the Labor Code, the applicable Wage Orders of the Industrial Welfare Commission and/or any other law.

**SEVENTH AFFIRMATIVE DEFENSE**

7.     To the extent Plaintiff alleges she not properly compensated for their time worked, such amounts are *de minimis*, and are not compensable under applicable law.

**EIGHTH AFFIRMATIVE DEFENSE**

8.     Any recovery on Plaintiff's Complaint with respect to allegations of failure to provide meal or rest periods are barred because Defendants complied with all applicable provisions of the Labor Code, the Wage Orders of the Industrial Welfare Commission, and/or applicable federal law regarding the provision of meal and rest periods.

**NINTH AFFIRMATIVE DEFENSE**

9.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the doctrine of *in pari delicto* due to the conduct of Plaintiff, including, but not limited to, her voluntary failure to accurately report her time worked, and her voluntary waiver of meal and rest breaks.

**TENTH AFFIRMATIVE DEFENSE**

10.     Even assuming arguendo Plaintiff was not provided with a proper itemized statement of wages and deductions, Plaintiff is not entitled to recover damages because Defendants' alleged failure to comply with California Labor Code § 226(a) was not a "knowing and intentional failure" under California Labor Code § 226 (e).

/ / /

/ / /

**ANSWER OF HILTON HONORS WORLDWIDE LLC, EMBASSY SUITES MANAGEMENT LLC AND EMBASSY SUITES EMPLOYER LLC TO PLAINTIFF MARIA GARCIA'S COMPLAINT FOR DAMAGES`**

**ELEVENTH AFFIRMATIVE DEFENSE**

11.      Defendants are informed and believe, and thereon allege, the Complaint as a whole, and each purported cause of action therein, is barred in whole or in part by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

**TWELFTH AFFIRMATIVE DEFENSE**

12.      Defendants are informed and believe and thereon alleges that any recovery on Plaintiff's Complaint, or on each purported cause of action alleged therein, is barred by California Labor Code sections 2854 and 2856 in that Plaintiff failed to use ordinary care and diligence in the performance of his duties and failed to comply substantially with the reasonable directions of her employer.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.      Even assuming arguendo Plaintiff was not provided with a proper itemized statement of wages and deductions, Plaintiff is not entitled to recover damages because he did not suffer any injury.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.      Plaintiff's claims are barred, in whole or in part, and/or recovery is precluded because Plaintiff failed to work or record all time worked, and/or take all meal periods and rest breaks, and/or record all meal periods taken, as reasonably permitted, expected, and or required by Defendants.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.      Defendants are entitled to an offset for amounts Plaintiff owes Defendants, for receipt of any wages and other benefits to which Plaintiff was not entitled and/or did not earn.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.      Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate her alleged damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.      To the extent Plaintiff seeks equitable relief under Business and Professions Code section 17200, et. seq, she is not entitled to a jury trial and instead must adjudicate her claims by way of a bench trial.

/ / /

/ / /

**ANSWER OF HILTON HONORS WORLDWIDE LLC, EMBASSY SUITES MANAGEMENT LLC AND EMBASSY SUITES EMPLOYER LLC TO PLAINTIFF MARIA GARCIA'S COMPLAINT FOR DAMAGES`**

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendants are entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Plaintiff's employer under the doctrine prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

**NINETEENTH AFFIRMATIVE DEFENSE**

19.     Although Defendants deny that it has committed or is liable for any act that could support recovery of penalties in this lawsuit, to the extent any such act is found, recovery of penalties against Defendants is unconstitutional under numerous provisions of the United States Constitution, including the Excessive Fines Clause of the Eighth Amendment and the Due Process clauses of the Fifth Amendment, as well as numerous provisions of the California Constitution, including the Excessive Fines Clause of section 17 of Article I, the Due Process Clause of section 7 of Article I and the Self-Incrimination Clause of section 15 of Article I.

**TWENTIETH AFFIRMATIVE DEFENSE**

20.     To the extent Plaintiff seeks statutory penalties for alleged willful failure to comply with the requirements of the Labor Code, such penalties are barred or must be reduced because Defendants did not willfully violate the requirements of Labor Code §§ 201, 202, and 203, or any other applicable Labor Code section, and a good faith dispute exists concerning such alleged violations.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.     Defendants have engaged attorneys to represent it in the defense of Plaintiff's frivolous, unfounded, and unreasonable action and Defendants are thereby entitled to an award of reasonable attorneys' fees and costs, including pursuant to California Labor Code section 218.5, and California Code of Civil Procedure section 1021.5 upon judgment thereon in their favor.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.     Plaintiff's claims are barred, in whole or in part, and/or recovery is precluded because Defendants' conduct was not willful.

/ / /

/ / /

**ANSWER OF HILTON HONORS WORLDWIDE LLC, EMBASSY SUITES MANAGEMENT LLC AND EMBASSY SUITES EMPLOYER LLC TO PLAINTIFF MARIA GARCIA'S COMPLAINT FOR DAMAGES`**

1

2

3

<b><u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u></b>

23.     Plaintiff's claim for waiting-time penalties under Labor Code Section 203 is barred, in whole or in part, because Defendants' conduct was not willful.

4

<b><u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u></b>

5

6

7

24.     Plaintiff's cause of action under California Business & Professions Code section 17200, et seq. is barred to the extent Plaintiff seeks attorney's fees which are not recoverable remedies. *The People ex rel City of Santa Monica* (2010) 186 Cal.App.4th 882.

8

<b><u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u></b>

9

10

11

25.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part because any duty or obligation by Defendants to pay wages, whether contractual or otherwise, which Plaintiff claims is owed to her has been fully performed, satisfied and/or discharged.

12

<b><u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u></b>

13

14

15

16

17

26.     Without admitting the allegations of the Complaint, Defendants allege Plaintiff's cause of action under California Business and Professions Code sections 17200, et seq., is barred because the practices alleged are not unfair, the public is not likely to be deceived by any alleged practices, Defendants gained no competitive advantage by such practices and the benefits of the alleged practices outweigh any harm or other impact they may cause.

18

<b><u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u></b>

19

20

21

27.     Plaintiff is not entitled to any equitable or injunctive relief as prayed for in the Complaint because Plaintiff has suffered no irreparable injury based on any alleged conduct of Defendant and Plaintiff has an adequate remedy at law for any such conduct.

22

<b><u>TWENTY-EIGHTH AFFIRMATIVE DEFENSE</u></b>

23

24

28.     Plaintiff's claim for monetary damages under California Business and Professions Code Section 17200, *et seq*. is barred in its entirety.

25

<b><u>TWENTY-NINTH AFFIRMATIVE DEFENSE</u></b>

26

27

28

29.     Plaintiff's Sixth Cause of Action is barred, in whole or in part, because Defendants' business practices are and were not "unlawful" in that Defendant complied with all applicable statutes and regulations in the payment of compensation to Plaintiff.

**ANSWER OF HILTON HONORS WORLDWIDE LLC, EMBASSY SUITES MANAGEMENT LLC AND EMBASSY SUITES EMPLOYER LLC TO PLAINTIFF MARIA GARCIA'S COMPLAINT FOR DAMAGES`**

1      WHEREFORE, Defendants pray for judgment as follows:

2      1.      That Plaintiff take nothing by her Complaint;

3      2.      That the Complaint be dismissed in its entirety with prejudice;

4      3.      For reasonable attorney's fees;

5      4.      For costs of suit herein; and

6      5.      For such other and further relief as the Court may deem just and proper.

7

8

9  DATED:  December 29, 2020                          JACKSON LEWIS P.C.

10

11                                                    By:_____

12                                                    Cynthia L. Filla
                                                      Paul J. Cohen
13                                                    Attorney for Defendants
                                                      Embassy Suites Management LLC and
14                                                    Embassy Suites Employer LLC (both erroneously
                                                      sued as Embassy Suites by Hilton Anaheim Orange)
15                                                    Hilton Honors Worldwide LLC (erroneously sued
                                                      as Hilton HHonors Worldwide, LLC)
16

17

18

19

20

21

22

23

24

25

26

27

28

**ANSWER OF HILTON HONORS WORLDWIDE LLC, EMBASSY SUITES MANAGEMENT LLC AND
EMBASSY SUITES EMPLOYER LLC TO PLAINTIFF MARIA GARCIA'S COMPLAINT FOR DAMAGES`**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, ORANGE – CENTRAL JUSTICE CENTER**

**CASE NAME:**      *Maria Garcia v. Embassy Suites et al.*

**CASE NUMBER:**    **30-2020-01165485-CU-OE-CJC**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa Street, Suite 2500, Los Angeles, California 90017.

On **December 29, 2020,** I served the foregoing document described as:

**ANSWER OF HILTON HONORS WORLDWIDE LLC, EMBASSY SUITES MANAGEMENT LLC AND EMBASSY SUITES EMPLOYER LLC TO PLAINTIFF MARIA GARCIA'S COMPLAINT FOR DAMAGES**

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

Janeth Arias, Esq.
Angela Leong, Esq.
Blanco & Arias APC
21171 S. Western Ave., Suite 2812
Torrance, CA  90501
Phone:  310-904-6210

Attorneys for Plaintiff
Marylou Jauregui

**[X]**    **BY MAIL**

**[ ]**  I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

**[X]**  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]**    **STATE**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 29, 2020 at Los Angeles, California.

_____
Ruth Perez-Pico

4812-6227-9637, v. 1